# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lauro M., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Darren Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, <br><br> Respondents. | No. 26-cv-134 (SRN/DJF) <br><br><br> **ORDER** |

Cameron Lane Youngs Giebink, Wilson Law Group, 3019 Minnehaha Ave., Minneapolis, MN 55406, for Petitioner

Ana Voss and David Fuller, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

1

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Lauro M., who seeks immediate release from detention or, in the alternative, an opportunity for a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 6].)

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted and the Court orders Lauro M. to be released.

I.    BACKGROUND

A. Immigration Proceedings

Petitioner is a citizen of Mexico. (Pet. ¶ 13.) He entered the United States in 2007 when he was 9 years old. (*Id.* ¶ 28.) He was not contacted by border patrol or other federal agents at the time of his entry. (*Id.* ¶ 29.) Years after entering the United States, Petitioner suffered a physical assault, which he reported to the police. (*Id.* ¶ 30.) Subsequently, he filed a U nonimmigrant visa application with United States Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 31.) The U nonimmigrant status visa grants temporary work authorization and deferred action to qualifying crime victims while their application is pending. (*Id.*); *see also* USCIS, *Victims of Criminal Activity: U Nonimmigrant Status*, https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status (last visited Jan. 14, 2026). USCIS issued a bona fide determination, finding that Petitioner's application was prima facie approvable, and issued him deferred action and work authorization. (Pet. ¶ 31.)

In February 2025, Petitioner married his wife, who is a U.S. citizen. (*Id.* ¶ 33.) In June 2025, his wife filed an I-130 Petition for Alien Relative, which serves as the first step in helping an eligible relative apply to immigrate to the United States and apply for a Green Card. (*Id.*); *see*

2

*also* USCIS, *I-130, Petition for Alien Relative*, https://www.uscis.gov/i-130 (last visited Jan. 14, 2026).

On January 8, 2026, Immigration and Customs Enforcement ("ICE") officers encountered Petitioner during a vehicle stop and took him into custody. (Pet. ¶ 37.) He alleges that ICE officers refused to review his paperwork and provided no warrant for his arrest. (*Id.*) He was detained for removal proceedings, processed at Fort Snelling, and is presently held in ICE custody in Minnesota. (*Id.* ¶¶ 38–39.)

### B. ICE Policy and BIA Ruling

Pursuant to a new policy announced on July 8, 2025, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," the Department of Homeland Security ("DHS")/ICE now considers all persons who enter the United States without inspection "applicants for admission" under 8 U.S.C. § 1225(a), and therefore argues that they are subject to mandatory detention under § 1225(b)(2)(A).

In September 2025, the Board of Immigration Appeals ("BIA") adopted DHS/ICE's broad interpretation of § 1225(b)(2) in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA found that § 1225(b)(2) applied to aliens classified as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being aliens "present in the United States without being admitted or paroled, or [for arriving] in the United States at any time or place other than as designated by the Attorney General." *Id.* at 217, 225.

### C. Proceedings in this Court

On January 9, 2026, Petitioner filed the instant Petition, asserting that he is entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a), at which an immigration

3

judge can assess whether he poses a flight risk or a danger to the community. (Pet. ¶¶ 1–4, 73–76.)

Respondents disagree. They argue that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to a bond hearing under the INA.[1] (Resp'ts' Opp'n at 2–10.)

## II. DISCUSSION

The parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States. The critical distinction between these provisions is that "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246–47 (W.D. Wash. 2025). Again, Respondents maintain that Petitioner falls within the mandatory detention provisions of § 1225(b), while Petitioner argues that he is not subject

---

[1] Respondents do not challenge subject matter jurisdiction or administrative exhaustion. Nevertheless, the Court briefly addresses these issues. As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025).

As to exhaustion, requiring administrative exhaustion would be futile in light of *Hurtado*. *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

to § 1225(b) and that Respondents have failed to meet the requirements for his arrest and detention under § 1226(a). There is no dispute, however, that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals—the only circuit court to have addressed the issue—and the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v.* Klang, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply.

5

Moreover, they acknowledge no material differences between this case and the Court's prior rulings in *Maldonado* and *E.M.* (Resp'ts' Opp'n at 10 n.2.) The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A).

Respondents recognize the weight of legal authority against their interpretation of § 1225(b)(2)(A), and simply ask the Court to preserve their arguments for appeal. (*Id.* at 3, 10 n.2.) Their arguments are preserved for appeal.

Having determined that § 1225(b) is inapplicable to Petitioner, who would otherwise fall under § 1226(a), the Court turns to the appropriate remedy. Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The statute requires the issuance of a warrant as a precursor to detention under § 1226(a). *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11 (emphasis in original).

Petitioner alleges that he was arrested and detained without a warrant and he requests immediate release. (Pet. ¶¶ 37, 76.) Respondents have not produced a warrant, nor any other documentation supporting Petitioner's detention. Rather, they argue that § 1226(a) does not grant a *right* to release on bond. (Resp'ts' Opp'n at 9) (emphasis in

6

original). The Court does not disagree—§ 1226(a) does not guarantee a right to release on bond. But § 1226(a) requires, in the first instance, that Petitioner's arrest and detention are authorized by the issuance of a warrant. 8 U.S.C. § 1226(a); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025). Again, Respondents have failed to produce, much less address, § 1226(a)'s warrant requirement here. Petitioner's arrest and detention are therefore unauthorized.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release. *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 25-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6 ("[A] bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect."). "Habeas relief . . . addresses the lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy." *Vedat C.*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6. Accordingly, Respondents shall release Petitioner from custody.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Lauro M.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**.

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: January 15, 2026                          s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge